UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 10-213** |
| | * | |
| **VERSUS** | * | |
| | * | **SECTION "L"(2)** |
| **MATTHEW DEAN MOORE** | * | |

### ORDER & REASONS

Before the Court is Defendant Matthew Dean Moore's Motion for a Judgment of Acquittal as to Count 2 (Rec. Doc. No. 104). The Court has reviewed the submitted memoranda, the record, and the applicable law and has heard the parties' oral arguments. For the following reasons, the motion is denied.

### I. BACKGROUND

This case arises out of an encounter on July 30, 2005 between Defendants Melvin Williams and Matthew Dean Moore -- both of whom were officers of the New Orleans Police Department (NOPD) at the time -- and Raymond Robair. The Government alleged that on that day, Defendants were on patrol on Dumaine Street in New Orleans, Louisiana, when they took Robair into custody. According to the Government, Defendant Williams then used unreasonable force against Robair by kicking him and striking him with a police baton.

The Government averred that Defendants subsequently transported Robair to Charity Hospital, where they failed to tell medical personnel that Robair had been kicked and struck. According to the Government, Robair was pronounced dead at the hospital, and a subsequent autopsy revealed that he had sustained fractured ribs and a ruptured spleen. The Government alleged that after the incident, Defendants prepared and submitted a report that falsely described

1

the incident as one that was medical in nature. The Government also averred that in March 2010, Defendant Moore falsely told the Federal Bureau of Investigation (FBI) that Defendant Williams neither kicked nor struck Robair.

On July 29, 2010, the Grand Jury returned a three-count indictment against Defendants. In Count 1, Defendant Williams was charged with depriving Robair of his right to be free from the use of unreasonable force in violation of 18 U.S.C. § 242. The Indictment alleged that this deprivation resulted in the death of Robair. In Count 2, both Defendants were charged with making a false entry in a document with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI in violation of 18 U.S.C. § 1519. Both Defendants were also charged with aiding and abetting one another in the commission of this offense. In Count 3, Defendant Moore was charged with making materially false statements and representations in a matter within the jurisdiction of the FBI in violation of 18 U.S.C. § 1001.

Both Defendants pled not guilty to these charges, and the case was tried before a jury starting on April 4, 2011. At the end of the Government's case-in-chief and at the close of all of the evidence, both Defendants moved for judgments of acquittal. The Court denied those motions and, after instructing the jury on the applicable law, submitted the case to the jury. Neither Defendants made any objections to the Court's jury charge. On April 13, 2011, the jury unanimously convicted both Defendants as to all of the counts with which they were charged. The jury also unanimously found that the use of unreasonable force by Defendant Williams resulted in the death of Robair.

## II. PRESENT MOTION

### A. Defendant Moore's Motion

On April 22, 2011, Defendant Moore filed the present Motion for a Judgment of Acquittal (Rec. Doc. No. 104). In his motion, Defendant Moore argues that the evidence adduced at trial was insufficient to support his conviction as to Count 2. As noted above, that count charged him with making a false entry in a document with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI in violation of 18 U.S.C. § 1519. That count also charged him with aiding and abetting Defendant Williams in the commission of the offense. The document that is the subject of Count 2 is an NOPD incident report dated July 30, 2005 (Gov.'s Ex. 9). That document consists of both handwritten portions and a typed narrative section. The Government alleged that the typed narrative portion contained a false description of the incident at issue.

In his motion, Defendant Moore raises two major points. First, he stresses that at trial, he and Defendant Williams both identified the handwriting in the incident report as that of Defendant Williams, not Defendant Moore. Defendant Moore notes that in contrast, the handwriting on the NOPD daily activity report or "trip sheet" (Gov.'s Ex. 10) is different from the handwriting on the incident report. Defendant Moore notes that at trial, both Defendants identified the handwriting on the "trip sheet" as that of Defendant Moore. Second, Defendant Moore emphasizes that at trial, he testified that he played no role in the writing or submission of the incident report. According to Defendant Moore, the evidence, in light of the above, was insufficient for the jury to convict him on Count 2.

**B. The Government's Opposition**

The Government has filed an opposition to Defendant Moore's motion. The Government argues that the evidence was sufficient for the jury to find that Defendant Moore aided and

abetted Defendant Williams in falsifying the incident report with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI. First, the Government draws attention to the testimony of Agent Dalide. The Government stresses that Agent Dalide twice interviewed Defendant Moore and that on both occasions, Defendant Moore falsely stated that Defendant Williams never kicked or struck Robair. The Government asserts that it is significant that the jury convicted Defendant Moore for making these false statements as charged in Count 3 and that Defendant Moore has not challenged that conviction.

Second, the Government argues that Defendant Moore's own testimony supports the finding that he aided and abetted Defendant Williams in falsifying the incident report. The Government states that at trial, Defendant Moore admitted that he knew that a report needed to be written and that he provided information that went into the report. Third, the Government points out that the incident report itself lists Defendant Moore as a reporting officer. Finally, the Government argues that Defendant Moore read the report after the fact and, for more than five years, stood by the false narrative. The Government asserts that in light of all of the above, the evidence was sufficient to sustain the conviction.

## III. LAW AND ANALYSIS

### A. Standard of Review for a Motion for a Judgment of Acquittal

In reviewing a motion for judgment of acquittal, a court must "view[] the evidence in the light most favorable to the verdict and draw[] all reasonable inferences from the evidence to support the verdict." *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997). The court must then "determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir.

2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "Jurors are 'free to choose among reasonable constructions of the evidence' in order to arrive at a verdict." *United States v. Thomas*, 627 F.3d 146, 151 (5th Cir. 2010) (quoting *United States v. Clayton*, 506 F.3d 405, 412 (5th Cir. 2007)). "[A] review of the sufficiency of the evidence," therefore, "does not include a review of the weight of the evidence or of the credibility of the witnesses." *Myers*, 104 F.3d at 78-79.

"This narrow standard of review" preserves the jury's "unique role to 'judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony.'" *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (quoting *United States v. Layne*, 43 F.3d 127, 130 (5th Cir. 1995)). Thus, the "inquiry is 'limited to whether the jury's verdict was reasonable,'" not whether the court would have made the same findings if it were the trier of fact. *United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008) (quoting *United States v. Williams*, 264 F.3d 561, 576 (5th Cir.2001)). A "review of the sufficiency of the evidence is 'highly deferential to the verdict.'" *Id.* (quoting *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002)).

**B. Sufficiency of the Evidence as to Count 2**

As noted above, Defendant Moore challenges the sufficiency of the evidence as to Count 2. That count charged both Defendants with making a false entry in a document with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI in violation of 18 U.S.C. § 1519. Count 2 also charged both Defendants under 18 U.S.C. § 2 with aiding and abetting one another in the commission of the offense. In its opposition, the Government does not argue that the evidence was sufficient to support the finding that

Defendant Moore himself made a false entry in the incident report. Rather, the Government asserts that there was ample evidence for the jury to find that Defendant Moore aided and abetted Defendant Williams in the commission of that offense. Because the Government has thus addressed only the aiding-and-abetting theory of liability, the question is whether the evidence was sufficient to sustain a conviction on that theory.

As the Court explained to the jury, the Government was required to prove four elements beyond a reasonable doubt in order for a defendant to be convicted of aiding and abetting a crime under 18 U.S.C. § 2. *See Gulley*, 526 F.3d at 816. The Government was required to prove that 1) "the underlying offense occurred," 2) "the defendant associated with the criminal venture," 3) the defendant "purposefully participated in the criminal activity," and 4) the defendant "sought by his action to make the venture succeed." *Id.* (quoting *United States v. Polk*, 56 F.3d 613, 620 (5th Cir. 1995)). "A defendant associates himself with a criminal venture when he shares the criminal intent of the principal." *Id.* (citing *United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995)). "To participate in the criminal activity means that the defendant acted in some affirmative manner designed to aid the venture." *Id.* (quoting *Jaramillo*, 42 F.3d at 923).

A review of the evidence and of all reasonable inferences drawn therefrom in the light most favorable to the Government shows that a rational jury could have found that Defendant Moore aided and abetted the crime of making a false entry in the incident report with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI. First, the jury convicted Defendant Williams as to Count 2. Although, like Defendant Moore, Defendant Williams was charged with the offense itself and with aiding and abetting, the requirement that the evidence be viewed in the light most favorable to the Government compels

the conclusion that Defendant Williams was found to have committed the underlying offense. Defendant Moore has not argued that this conviction was without foundation. Accordingly, it must be assumed that the evidence was sufficient for the jury to find that the underlying offense occurred.

Second, a rational jury could have found that Defendant Moore "share[d] the criminal intent of the principal," Defendant Williams, and thereby "associated with the criminal venture." *Id.* at 816. As the Court explained to the jury, the *mens rea* of the underlying offense is the intent to impede, obstruct, or influence a pending or potential investigation of a matter that, in fact, falls within the jurisdiction of the FBI. *See* 18 U.S.C. § 1519; *United States v. Gray*, ___ F.3d ___, 2011 WL 1585076, at *5-*7 (2d Cir. 2011); *United States v. Ionia Mgmt., S.A.*, 526 F. Supp. 2d 319, 329 (D. Conn. 2007); *United States v. Jho*, 465 F. Supp. 2d 618, 635-36 (E.D. Tex. 2006), *rev'd on other grounds*, 534 F.3d 398 (5th Cir. 2008). A review of the evidence in the light most favorable to the Government shows that a rational jury could have found beyond a reasonable doubt that Defendant Moore had this intent.

It must be remembered, in this regard, that Defendant Moore has not challenged any of the other convictions in this case. Accordingly, it must be assumed that as charged in Count 1 of the Indictment, Defendant Williams kicked and struck Robair on July 30, 2005 and that as charged in Count 3 of the Indictment, Defendant Moore falsely told the FBI during two separate interviews in 2010 that Defendant Williams did not kick or strike Robair. The evidence viewed in the light most favorable to the verdict thus supports the conclusion that Defendant Moore "knowingly" told the FBI on two separate occasions that Defendant Williams did not kick or strike Robair and that he did so "with [the] intent to deceive." *United States v. Baker*, 626 F.2d

512, 515 (5th Cir. 1980).[1] In addition, there was evidence that previously, during an interview with the NOPD on August 17, 2005, Defendant Moore also stated that Defendant Williams neither kicked nor struck Robair. *See, e.g.*, Gov.'s Ex. 16. Finally, there was evidence that on July 30, 2005, Defendant Moore witnessed Defendant Williams kicking and striking Robair. A rational jury could have reasonably inferred from all of this evidence that from the time that the incident occurred, Defendant Moore had the intent to cover up what happened and that, accordingly, he also had the intent to impede, obstruct, or influence a potential investigation of the matter.

The question of whether the third element could have reasonably been found is a closer one. As stated above, the third element that the Government was required to prove is that Defendant Moore participated in the commission of the underlying offense. "To participate in the criminal activity means that the defendant acted in some affirmative manner designed to aid the venture." *Gulley*, 526 F.3d at 816 (quoting *Jaramillo*, 42 F.3d at 923). The defendant's participation must take place before or during the commission of the underlying offense. *United States v. Smith*, 546 F.2d 1275, 1284 (5th Cir. 1976) (stating that there must be "some participation . . . either before or at the time the criminal act is committed" (citation omitted)); *United States v. Figueora-Cartagena*, 612 F.3d 69, 73 (1st Cir. 2010) (noting that "a person

---

[1] There is no question that evidence may serve "double duty" by supporting convictions for two separate charges. *See United States v. Cowart*, 595 F.2d 1023, 1033-34 (5th Cir. 1979) (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)). Nor is there a question as to whether the jury could have considered evidence of Defendant Moore's conduct after the submission of the report to determine whether Defendant Moore shared the intent of Defendant Williams and thus associated himself with the criminal venture: "a criminal defendant's intent [may be inferred from] the totality of the circumstances." *United States v. Merkt*, 764 F.2d 266, 272 (5th Cir. 1985).

cannot be found guilty of aiding and abetting a crime that already has been committed" (citation omitted)).[2] "The defendant need not," however, "have participated in every phase of the criminal venture." *United States v. Diecidue*, 603 F.2d 535, 557 (5th Cir. 1979).

Defendant Moore makes much of the fact that the handwriting on the incident report and that which appears on the trip sheet are different. Defendant Moore's argument is unavailing, however, because it neglects the rest of the evidence in the case. As the Government points out, Defendant Moore's own testimony showed that before the incident report was prepared and submitted, he was aware that such a report needed to be written. According to Defendant Moore, Defendant Williams told him that "we're going to have to write a report." Defendant Moore concedes, and the incident report itself shows, that Defendant Moore is listed as a reporting officer. Defendant Moore further testified that at the direction of Defendant Williams, he ascertained the name of the emergency room physician at Charity Hospital, Dr. Sigillito, and gave that name and the doctor's purported statements to Defendant Williams so that these details could be included in the report. The typed narrative section of the incident report itself refers to Dr. Sigillito and the statements that he purportedly made. *See* Gov.'s Ex. 9.

All of this evidence could have led a reasonable jury to find that Defendant Moore took part in the preparation of the incident report. Defendant Moore suggests that because the name of Dr. Sigillito is in fact correct, the act of contributing the doctor's name to the report cannot count as participation in the criminal venture. The Government's allegation in this case, however, was

---

[2] This well-settled principle forecloses the Government's suggestion that Defendant Moore's statements to the NOPD in August 2005 and to the FBI in March 2010 constitute the conduct by which he participated in the commission of the underlying offense. Thus, while these statements may support the finding that Defendant associated with the criminal venture, they may not support the finding that he participated in the criminal venture.

that the report falsely described the incident as one that was medical in nature. Thus, a rational jury could have reasonably concluded that by giving the name of Dr. Sigillito to Defendant Williams, Defendant Moore bolstered the report's misleading portrayal of the incident as a medical event, one in which Defendants simply rendered humanitarian aid to Robair. In other words, a rational jury could have reasonably found that Defendant Moore "engaged in some affirmative conduct designed to aid the venture." *United States v. Peñaloza-Duarte*, 473 F.3d 575, 579 (5th Cir. 2006).

Furthermore, even if one were to completely discount Defendant Moore's testimony that he gave the name of Dr. Sigillito to Defendant Williams so that it could be included in the report, the remaining circumstantial evidence was sufficient to support the finding that Defendant Moore participated in the preparation of the document. As noted above, the evidence showed that Defendant Moore was told and aware that "we're going to have to write a report." Defendant Moore is listed on the incident report as a reporting officer. The jury could reasonably infer from this circumstantial evidence that Defendant Moore, who witnessed the incident, spoke and worked with Defendant Williams in preparing the incident report.[3]

Finally, Defendant Moore insists that at trial, he testified that he did not write or submit the report. As noted above, however, "[t]he defendant need not have participated in every phase

---

[3] To the extent that Defendant Moore argues that participation cannot be found by way of circumstantial evidence, that argument must be rejected. The law does not distinguish between direct and circumstantial evidence. *See, e.g.*, *Holland v. United States*, 348 U.S. 121, 140 (1954). In fact, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 508 n.17 (1957). For this reason, in a seminal case on aiding and abetting, the Supreme Court upheld a conviction on the basis of the circumstantial evidence. *See Nye & Nissen*, 336 U.S. at 618-20; *cf. United States v. Lucas*, 516 F.3d 316, 342 (5th Cir. 2008) (holding that in a conspiracy case, "voluntary participation may be inferred from a collocation of circumstances").

of the criminal venture." *Diecidue*, 603 F.2d at 557. The jury could have relied upon Defendant Moore's own admission that he gave the name of Dr. Sigillito to Defendant Williams to find that he took part in the commission of the offense. And as noted above, the jury could have reasonably inferred from the circumstantial evidence that Defendant Moore, as a reporting officer and as a witness to the incident, participated, in some other manner, in the preparation of the report.[4] In sum, a review of the evidence in the light most favorable to the verdict shows that the jury could have reasonably found that Defendant Moore "acted in some affirmative manner designed to aid the venture." *Gulley*, 526 F.3d at 816 (quoting *Jaramillo*, 42 F.3d at 923).

The fourth and final element that the Government was required to prove is that Defendant Moore sought by his action to "make the venture succeed." *Id.* In light of the above, it is also clear that a rational jury could have reasonably found this element beyond a reasonable doubt. As noted earlier, a rational jury could reasonably infer from the evidence in this case that ever since the incident occurred, Defendant Moore had the intent to cover up what happened. Evidence that supports this inference includes evidence that Defendant Moore told the NOPD, once in 2005, and the FBI, twice in 2010, that Defendant Williams neither kicked nor struck Robair. A rational jury could have reasonably found that similarly, in supplying the name of Dr. Sigillito to Defendant Williams and otherwise participating in the preparation of the incident report, Defendant Moore intended that Defendant Williams succeed in making an incident report that would deflect a potential investigation of the matter.

---

[4] Furthermore, to the extent that Defendant Moore argues that the jury must have credited his contrary testimony, that argument is unavailing. The jury was free to find as not credible his testimony that he played no role in the writing or submission of the report, and the Court is not in a position to second-guess that determination. *See Millsaps*, 157 F.3d at 994.

In sum, a review of the evidence and of all reasonable inferences drawn therefrom in the light most favorable to the verdict shows that a rational jury could have reasonably found beyond a reasonable doubt that Defendant Moore aided and abetted Defendant Williams in making a false entry in a document with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the FBI in violation of 18 U.S.C. § 1519. A rational jury therefore could have found Defendant Moore guilty as to Count 2.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Moore's Motion for a Judgment of Acquittal (Rec. Doc. No. 104) is hereby **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE